**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 1 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO ARNULFO TREJO, III,

          Plaintiff - Appellant,

v.

JOHN WOHLER,

          Defendant - Appellee.

No. 13-16134

D.C. No. 2:11-cv-01803-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

      Fernando Arnulfo Trejo, III, an Arizona state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Trejo failed to raise a genuine dispute of material fact as to whether Wohler was deliberately indifferent by changing Trejo's medication, and then re-prescribing Trejo's original medication six months later due to the side effects of the new medication. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health"); *Toguchi*, 391 F.3d at 1058-60 (neither a difference of opinion concerning the course of treatment nor negligence in treating a medical condition amounts to deliberate indifference); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a plaintiff "must show that the course of treatment the doctor[] chose was medically unacceptable under the circumstances").

The district court did not abuse its discretion by denying Trejo's application for appointment of counsel because Trejo failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

We do not consider arguments and allegations raised for the first time on

13-16134

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**